# MEMORANDUM DECISIONS

A. HOLLANDER, Inc., Appellant, v. ROTH, Respondent. (Supreme Court, Appellate Division, First Department. June 23, 1911.) Action by A. Hollander, Incorporated, against Ignatz Roth. H. Nathan, for appellant. L. J. Vorhaus, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

AKIN, Respondent, v. LEE, Appellant. (Supreme Court, Appellate Division, Third Department. June 28, 1911.) Action by Paul F. Akin, an infant, by Frank T. Akin, his guardian ad litem, against William A. Lee. No opinion. Judgment and order unanimously affirmed, with costs.

ALBANY COUNTY v. HOOKER et al. (Supreme Court, Appellate Division, Third Department. June 28, 1911.) Motion by the County of Albany for an injunction against S. Percy Hooker and others, composing the State Commission of Highways in the State of New York, and others. Motion refused. Ellis J. Staley and Harold J. Hinman, for the motion. Thomas Carmody, Atty. Gen., and Thomas F. Conway, opposed.

PER CURIAM. Motion denied, without costs, upon the ground that the county of Albany cannot maintain the action. The other questions are not, therefore, considered.

SMITH, P. J., votes for the granting of the motion, with memorandum.

SMITH, P. J. (dissenting). By section 12 of article 7 of the Constitution provision is made for the improvement of highways of the state and for the pledging of the credit of the state therefor. It is therein provided: "The highways to be improved shall be determined under general laws, which shall also provide for the equitable apportionment thereof among the different counties." It was further provided that the credit of the state might be pledged for the procurement of moneys for the improvement of the highways to the extent only of $50,000,-000. The Constitution did not provide for the issuance of $50,000,000 of bonds for highway purposes. That amount was simply the limit to which the state was authorized to borrow money for such purposes. In the general highway law of 1908 (Laws 1908, c. 330) a system of highways was *proposed.* I use this word advisedly. There was no provision therein made for the borrowing of money for the construction of these highways. By section 121 it was provided that the mileage to be constructed from the amount available from the sale of bonds issued as provided by law and appropriated for the construction and improvement of state highways "shall be equitably apportioned by the commission among the several counties without discrimination." This was a general law making equitable designation of the state highways as required by the Constitution. These special laws attacked by this action in effect repeal pro tanto that general law and provide that the proceeds of certain bond issues shall be distributed, not generally or equitably between the counties, but to certain counties. The only claimed justification for these special laws is the presumption that the Legislature will do its duty and subsequently appropriate sufficient funds to the building of roads in other counties to make the apportionment equitable. It would seem a sufficient reply to say that perchance the borrowing limit will be reached before equitable apportionment could in this way be made. The Constitution must be construed so as to avoid possibility of its evasion. But, further, any presumption as to what the Legislature will in the future do is too slim a support of a legislative act which otherwise offends the constitutional mandate. The obligations issued for the raising of these moneys are to be paid by all the counties of the state. By reason of this general contribution the purpose of this constitutional provision is apparent to designate the highways to be constructed by the moneys received upon the issuance of these obligations, equitably among the different counties which have become liable to pay therefor. This can only be effectively accomplished by an equitable distribution of the proceeds of each bond issue, such as was provided for by section 121 of the highway law. As to the right of the county to bring this action I am not entirely clear. We are referred to no specific statutory power authorizing the action. But this guaranty of equitable apportionment of state highways is given by the Constitution to the several counties. If statutory power be wanting to enable the counties to ask the court for the enforcement of that guaranty, that power should be gleaned by implication from the Constitution itself. I think the motion should be granted.

In re ALEXANDER ST. IN CITY OF YONKERS. (Supreme Court, Appellate Division, Second Department. June 29, 1911.) In the matter of laying out, opening, and extending of Alexander street, from Ashburton avenue to the south line of Wells avenue, in the city of Yonkers. No opinion. Motion for leave to appeal to the Court of Appeals denied. For former opinion, see 129 N. Y. Supp. 944.

AMERICAN EXCHANGE NAT. BANK, Appellant, v. GOUBERT et al., Respondents. (Supreme Court, Appellate Division, First Department. July 7, 1911.) Appeal from Trial Term, New York County. Appeal from judgment (67 Misc. Rep. 602, 124 N. Y. Supp. 817)